UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORLANDO PEREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN MICHAEL KELLY, et al.,<br><br>　　　　Defendant. | Civil Action<br>No. 24-10287 (CPO) (MJS)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Plaintiff, a pretrial detainee, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss Plaintiff's § 1983 claims for failure to state a claim and decline to exercise supplemental jurisdiction over his potential state law claims.

## I.  BACKGROUND[1]

In this case, Plaintiff names the Atlantic County Justice Facility and its Warden, Michael Kelly, as Defendants. (ECF No. 1, at 1, 4.) The Complaint contains few factual allegations. Plaintiff contends that the facility is supposed to be a "smokeless facility," but Defendants "are allowing" smoking within its walls. (*Id*. at 4.) According to Plaintiff, since his incarceration in November of 2022, he has been exposed to tobacco smoke the "entire time." (*Id*. at 5.) Plaintiff raised the issue "with multiple officers," but "nothing is being done." (*Id*.)

Plaintiff filed the instant Complaint in November of 2024, appearing to allege that his conditions of confinement violated his rights under the Fourteenth Amendment. (*Id*. at 3, 5.) In terms of relief, Plaintiff requests that the Court "take action" and award compensation. (*Id*. at 6.)

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

## II.  STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff sues "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).  District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.  DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1, at 2 (selecting § 1983 as the basis for jurisdiction)). To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988).  As the Plaintiff

is a pretrial detainee, (ECF No. 1, at 2), the Court construes the Complaint to allege an exposure to environmental tobacco smoke ("ETS") claim under the Fourteenth Amendment. *See generally Helling v. McKinney*, 509 U.S. 25, 35–36 (1993) (allowing Eighth Amendment ETS claims for convicted prisoners); *Moore v. Durand*, No. 22-2915, 2023 WL 4884855, at *1 n.2 (3d Cir. Aug. 1, 2023) (noting that ETS claims for pretrial detainees fall under the Fourteenth Amendment).

As a preliminary matter, the Court must dismiss the Atlantic County Justice Facility, because a county jail is not a "person" amendable to suit under § 1983. *E.g.*, *Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013) (holding that a justice facility was "not a 'person' within the meaning of 42 U.S.C. § 1983"); *Fisher v. Camden Cnty. Corr. Facility*, No. 21-13212, 2022 WL 1602158, at *7 (D.N.J. May 20, 2022) ("[A] county jail is not a 'person' amenable to suit under § 1983."); *Walker v. Cty. of Gloucester*, No. 15-7073, 2018 WL 1064210, at *3 (D.N.J. Feb. 27, 2018) (collecting cases); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4–5 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010) (collecting cases); *see also Mitchell v. Cnty. of Bergen*, No. 23-596, 2024 WL 1526121, at *3 (D.N.J. Apr. 9, 2024) ("[C]ounty jails . . . are not separate entities subject to suit under Section 1983 because they are merely an administrative arm of the . . . local government."). Accordingly, the Court will dismiss with prejudice Plaintiff's § 1983 claim against the Atlantic County Justice Facility, for failure to state a claim.

Turning then to Defendant Kelly, under *Helling*, to state an ETS claim for future[2] harm, a plaintiff must show: "(1) exposure to 'unreasonably high' levels of ETS contrary to contemporary

---

[2] There are two types of ETS claims. *Moore*, 2023 WL 4884855, at *1. The first is where exposure "unreasonably endangers future health," while the second, "aggravate[s] a pre-existing illness." *Id*. As the Complaint makes no mention of any pre-existing illness, the Court will construe it as raising an ETS claim for future harm. (ECF No. 1, at 4–6.)

3

standards of decency; and (2) deliberate indifference by the authorities to [that] exposure." *Moore*, 2023 WL 4884855, at *1 (quoting *Helling*, 509 U.S. at 35–36); *Atkinson v. Taylor*, 316 F.3d 257, 262–63 (3d Cir. 2003).

The first *Helling* prong "is an objective one," a court must "assess whether society considers the risk . . . to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Atkinson*, 316 F.3d at 262 (emphasis in original) (quoting *Helling*, 509 U.S. at 36) ("[T]he prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate."). On the other hand, the second prong is "subjective" and asks, "whether prison officials were deliberately indifferent to a serious risk of harm." *Id.*; *see also Spellman v. Sec'y Pennsylvania Dep't of Corr.*, 751 F. App'x 251, 252–53 (3d Cir. 2018). The plaintiff must show that the official knew of and disregarded "an excessive risk to inmate health or safety," *i.e.*, that the official was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw [that] inference. *Atkinson*, 316 F.3d at 262 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Here, as to the first prong, Plaintiff only states that he has been "incarcerated for 23 months and [has] been exposed to and inhaling smoke [that] entire time." (ECF No. 1, at 4.) He does not provide any details as to the level, frequency, or duration of his exposures at the facility. (*Id*. at 4–5.) For example, he does not specify whether the smoke came from his cellmate or from elsewhere in the facility, or whether the smoking was constant, occasional, or limited to certain times. (*See id.*) Nor is it clear whether there was smoking in the entire facility, or only in particular areas. (*Id.*) Without more, Plaintiff's conclusory allegations are insufficient to demonstrate that his ETS exposure violated contemporary standards of decency. *See Moore*, 2023 WL 4884855, at *2 (finding vague allegations insufficient to satisfy the first *Helling* prong).

4

Similarly, as to the second prong, Plaintiff's sole allegation is that Defendant Kelly "is allowing smoke in a smokeless facility." (ECF No. 1, at 4.) Standing alone, that is insufficient to demonstrate that Defendant Kelly personally knew of, and disregarded, any risk to Plaintiff's health. Plaintiff does not, for example, allege that Defendant Kelly was aware of Plaintiff's medical health risks, that he was exposed to any specific amount of smoke, or that he was aware of Plaintiff at all. (*See id.*) As a result, the Complaint fails to plausibly allege that Defendant Kelly was deliberately indifferent to Plaintiff's ETS exposure. Accordingly, the Complaint fails to meet both *Helling* prongs, and the Court will dismiss without prejudice the ETS claim against Defendant Kelly for failure to state a claim.

Finally, as no federal claims remain in this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's § 1983 claim against the Atlantic County Justice Facility, dismiss without prejudice his § 1983 claim against Defendant Kelly, and decline to exercise supplemental jurisdiction over his potential state law claims. An appropriate Order follows.

Dated: September 9, 2025

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**
